NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

GAYLE PIPER,

        Plaintiff,

v.

WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., JOHN DOES 1-10, JANE ROE 1-10, and ABC CORPORATION 1-10

        Defendants.

Civil Action No. 3:17-cv-06222-BRM-TJB

**OPINION**

---

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss. (ECF No. 17.) Plaintiff Gayle Piper ("Piper") opposes the Motion. (ECF No. 20.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below, Wells Fargo's Motion is **GRANTED**.

**I.    BACKGROUND**

For the purposes of the motion to dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Further, the Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997).

On December 31, 2008, Piper became a personal banker/brokerage associate of Wells Fargo at the Bound Brook, New Jersey location. (Compl. (ECF No. 1) ¶¶ 9-11.) In 2013, Piper

allegedly "became aware of troubling practices at the Bound Brook branch, including the opening of phony accounts for consumers without their consent." (*Id.* ¶ 12.) Piper alleges that her "store manager asked her on multiple occasions to open savings accounts for consumers who had requested only checking accounts." (*Id.* ¶ 13.) Piper "refused to engage in such troubling practices" and reported the practices to her supervisor, district manager, a Wells Fargo investigator, and the Wells Fargo ethics hotline. (*Id.* ¶ 15-19.) Nevertheless, Piper alleges Wells Fargo "failed to put an end to the troubling practices at the Bound Brook branch." (*Id.* ¶ 20.) Instead, Wells Fargo issued Piper three written warnings and terminated her on March 1, 2014. (*Id.* ¶ 21.)

On June 12, 2017, Piper filed a one-count Complaint against Wells Fargo in the Superior Court of New Jersey, Middlesex County asserting a cause of action for wrongful discharge. (ECF No. 1.) On August 17, 2017, Wells Fargo removed the matter to this Court. (*Id.*) On September 21, 2017, Wells Fargo filed a Motion to Dismiss. (ECF No. 17.) Piper opposes the Motion. (ECF No. 20.)

## II.   LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the

complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While as a general rule, a court many not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant under Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or*

*explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d at 1426.

## III. DECISION

Wells Fargo argues Piper's wrongful discharge claim is time-barred. (ECF No. 17-1 at 3-4.) Specifically, it argues that while a wrongful discharge claim can be brought either in tort or contract, Piper's claim can only be brought in "tort" because there was no employment contract between Wells Fargo and Piper. (ECF No. 27 at 3-5.) Piper argues her cause of action for wrongful discharge is in contract, and therefore, subject to a six-year statute of limitations. (ECF No. 20 at 3-9.) Because Wells Fargo does not argue, in the alternative, that Piper failed to sufficiently plead a wrongful discharge claim, the Court will only determine whether or not Piper's claim may be brought in contract and whether or not it is time-barred.

In New Jersey,

> an employment of no set duration may be terminated at the will of either the employer or the employee; this long-standing rule allows either party to the employment relationship to terminate that relationship with or without cause or notice, in the absence of an implied or express contract providing otherwise.

*Barone v. Gardner Asphalt Corp.*, 955 F. Supp. 337, 342 (D.N.J. 1997); *Shebar v. Sanyo Bus. Sys. Corp.*, 544 A.2d 377, 381 (N.J. 1988) ("Historically, under common law, employers have been able to terminate the employment of at-will employees for cause or for no cause at all, in the absence of an employment contract providing otherwise.").

There are, however, two exceptions to the at-will doctrine, only one which is pertinent to this matter: "(1) where the employee is terminated in violation of a clear expression of public policy," or "(2) where the employee handbook creates an implied contract of employment." *Barone*, 955 F. Supp. at 342 (citing *Pierce v. Ortho Pharmaceutical Corp.*, 417 A.2d 505 (N.J.

4

1980); *Woolley v. Hoffmann–LaRoche, Inc.*, 491 A.2d 1257, *modified*, 499 A.2d 515 (N.J. 1985)). Piper's Complaint is premised on the first exception, that she was terminated in violation of a clear expression of public policy. Because Piper does not allege Wells Fargo had an employee handbook the Court will only analyze the first exception.

In *Pierce*, the court held that "an employee has a cause of action for wrongful discharge when the discharge is contrary to a clear mandate of public policy." 417 A.2d at 512. The court in found:

> the action may be maintained *in contract or tort or both*, but in either case the employee must show that he was fired for refusing to perform an act that is "a violation of a clear mandate of public policy," and, insofar as the action is maintained in tort, punitive damages can be awarded "to deter improper conduct in an appropriate case, . . . [which] remedy is not available under the law of contracts."

*Cappiello v. Ragen Precision Indus., Inc.*, 471 A.2d 432, 434 (N.J. Super. Ct. App. Div. 1984) (emphasis added) (quoting *Pierce*, 417 A.2d at 512). "*Pierce* created in every employment relationship an 'implied provision that an employer will not discharge an employee for refusing to perform an act that violates the clear mandate of public policy." *Brunner v. Abex Corp.*, 661 F. Supp. 1351, 1358 n.7 (D.N.J. 1986). Therefore, an employer has "a tort duty of care not to discharge an employee for failing to perform such an act." *Id.*

However, *Pierce* stated an action in contract may only "be predicated on the *breach of an implied provision* that an employer will not discharge an employee for refusing to perform an act that violates a clear mandate of public policy." *Pierce*, 417 A.2d at 512. In other words, a plaintiff cannot assert a breach of an implied provision absent a contract. In fact, in *Pierce*, the plaintiff had no contract, and the court found she could not assert a breach of any specific contractual provision as a basis for relief, and instead found plaintiff's claim as one in tort of wrongful

5

discharge. *Pierce*, 417 A.2d at 512; *Brunner*, 661 F. Supp. at 1358 n.7 (stating that "when the courts create certain [prerequisites] for maintaining an action in contract and those prerequisites are not [met] *Pierce* does not apply"); *see also Vandegrift v. Am. Brands Corp.*, 572 F. Supp. 496, 498 (D.N.H. 1983) (stating *Pierce* "found that plaintiff did not assert the breach of any specific contractual provision as a basis for relief, . . . and addressed itself to the tort of wrongful discharge"). Specifically, *Pierce* held "[plaintiff] did not assert the breach of any specific contractual provision as a basis for relief." *Pierce*, 417 A.2d at 512.

The Court finds Piper cannot plead an action under the common law of New Jersey for wrongful discharge in breach of an implied term of an employment contract in the absence of an employment contract. Here, Piper alleges only that she had an employment relationship with Wells Fargo. She does not allege that her at-will employment with Wells Fargo was otherwise governed by a contract of any kind, such as one created by promises made in an employee manual or oral promises of continued employment made by one of Piper's supervisors. As in *Pierce*, Piper does not have a contract with Wells Fargo and therefore cannot point to a "breach of any specific contractual provision as a basis for relief." *Id.* Absent an allegation that a contract ever existed, Piper cannot seek the protection of implied contractual provisions because *Pierce* only recognized an implied provision in employment contracts. *Id.* The law of New Jersey, as articulated by the New Jersey Supreme Court after, is well settled that causes of action for breach of implied contractual provisions cannot proceed without an underlying express or implied contract. *Wade v. Kessler Inst.*, 798 A.2d 1251, 1262 (N.J. 2002) ("To the extent plaintiff contends that a breach of the implied covenant may arise absent an express or implied contract, that contention finds no support in our case law. In that respect, we agree with the court below that an implied contract must be found before the jury could find that the implied covenant of good faith and fair dealing

had been breached. . . . [P]laintiff's complaint cannot include an implied covenant claim absent an agreement.")). Accordingly, Piper's claim under a contract theory is **DISMISSED without prejudice**. It is dismissed without prejudice because it is decided based upon the inadequacy of the factual pleadings, and it is not known whether Piper can plead facts alleging the existence of a contract.[1]

In the absence of a contract, Piper's *Pierce* action may proceed only in tort. However, tort actions are limited to a two-year statute of limitations period. *See* N.J.SA. § 2A:14-2 ("Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued."). Applying such a period to the facts of this case, Piper's wrongful termination action accrued on March 1, 2014, the date of her termination. Piper's Complaint was not filed until June 12, 2017, more than two years later. (ECF No. 1 ¶ 22.) Although Piper appears in briefing to limit her claim to a Pierce contract theory, in the interest of clarity, the Court finds her claim, to the extent raised under a Pierce tort theory of liability, is barred by the applicable two-year statute of limitations. Accordingly, Wells Fargo's Motion to Dismiss under tort is **GRANTED with prejudice**.

---

[1] On April 23, 2018, Wells Fargo filed a letter alerting this Court to a recent decision by the Honorable Freda Wolfson, U.S.D.J., *Day v. Wells Fargo & Co.*, No. 17-006237, 2018 WL 1891476, at *4 (D.N.J. Apr. 20, 2018). In *Day*, Judge Wolfson also found "nothing in [*Pierce*] suggests that the Court intended to create an action for breach of an implied provision of an employment contract *in the absence of a contract*." *Day*, 2018 WL 1891476, at *4.

**IV. CONCLUSION**

For the reasons set forth above, Wells Fargo's Motion to Dismiss is **GRANTED without prejudice** as to her contract claim and **with prejudice** as to her tort claim. Piper may amend her Complaint as to her breach of contract claim by no later than May 11, 2017.

Date: April 25, 2018                              */s/ Brian R. Martinotti*
                                                  **HON. BRIAN R. MARTINOTTI**
                                                  **UNITED STATES DISTRICT JUDGE**